**Kang Ning ZHENG, Petitioner,**

**v.**

**Alberto R. GONZALES,\* Respondent.**

**No. 03–4352–AG NAC.**

United States Court of Appeals,
Second Circuit.

Nov. 1, 2005.

Thomas V. Massucci, New York, New York, for Appellant.

Edward J. McElroy, Immigration & Naturalization Service, (Lisa Hammond Johnson, Assistant United States Attorney; Gregory White, United States Attorney for the Northern District of Ohio, on the brief), New York, New York, for Appellees.

Present: JACOBS, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Kang Ning Zheng, a native and citizen of China, petitions this Court for review of the October 3, 2002 and January 28, 2003 orders of the Board of Immigration Appeals ("BIA"). In its October 3, 2002 order, the BIA affirmed the immigration judge's denial of Zheng's application for asylum, withholding of removal and relief pursuant to the Convention Against Tor-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

ture ("CAT"). In its January 28, 2003 order, the BIA denied Zheng's motion for reconsideration. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

To the extent that Zheng challenges the immigration judge's underlying order denying his application for asylum, withholding of removal, and for CAT relief, and the BIA's October 3, 2002 order affirming the immigration judge's decision, this Court lacks jurisdiction because Zheng failed to file a timely petition for review of the BIA's October 3, 2002 order. A petition for review of a final order of deportation must be filed within 30 days of the date of the order. *See* 8 U.S.C. § 1252(b)(1). Moreover, "[a]n appeal from a final order of exclusion or deportation and an appeal from a denial of a motion to reopen or reconsider that final order involve[ ] 'two separate petitions filed to review two separate orders.'" *Zhao v. United States Dep't of Justice*, 265 F.3d 83, 89 (2d Cir.2001) (quoting *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). Here, Zheng has filed a timely petition for review of only the BIA's January 28, 2003 decision denying his motion for reconsideration.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir.2004). The BIA did not abuse its discretion in denying Zheng's motion for reconsideration because, in his motion, Zheng did not address the numerous findings regarding his credibility and alleged no factual or legal errors with respect to these findings, which supported the IJ's and the BIA's decisions. Zheng, therefore, failed to establish a prima facie case for the underlying relief sought. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Next, the BIA did not abuse its discretion in declining to reopen the proceedings based on Zheng's claim that the IJ failed to consider evidence in support of his application. The evidence offered by Zheng in his motion to reopen was not new as it was presented with his initial application. Zheng failed to offer any new evidence to refute the IJ's finding that he was not credible. *See Kaur v. Board of Immigration Appeals*, 413 F.3d 232, 234 (2d Cir.2005) (holding that evidence submitted for a motion to reopen must be material and state new facts that rebut the underlying finding).

For the foregoing reasons, the petition for review is DENIED and the outstanding motion for a stay of removal is DENIED.